1 | HEATHER R. ROGERS
California State Bar No. 229519
2 | 427 C. Street, #300
San Diego, California 92101-5008
3 | Telephone: (619) 233-3169, x.16
Facsimile: (619) 684-2796
4 |

5 | Attorneys for Mr. Morales-Ramirez

6 |

7 |

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | **(HONORABLE JOHN A. HOUSTON)**

11 | UNITED STATES OF AMERICA,           )    Case No. 07CR3191-JAH
                                        )
12 |            Plaintiff,              )    DATE: January 7, 2008
                                        )    TIME: 8:30 a.m.
13 | v.                                 )
                                        )    NOTICE OF MOTIONS AND
14 | JOSE ANTONIO MORALES-RAMIREZ,       )    MOTIONS TO:
                                        )
15 |            Defendant.              )    (1)  COMPEL DISCOVERY/
                                        )         PRESERVE EVIDENCE;
16 |                                     )         AND
                                        )    (2)  GRANT LEAVE TO FILE
17 | _____    )         FURTHER MOTIONS

18 | TO:       KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
           CARLOS ARGUELLO, ASSISTANT UNITED STATES ATTORNEY.
19 |

20 |           PLEASE TAKE NOTICE that on January 7, 2008, at 8:30 a.m., or as soon thereafter as counsel

21 | may be heard, defendant, Jose Morales-Ramirez by and through his attorney, Heather R. Rogers, will ask this

22 | Court to enter an order granting the following motions.

23 | //

24 | //

25 | //

26 | //

27 | //

28 | //

# MOTIONS

Defendant, Jose Morales-Ramirez, by and through his attorneys, Heather R. Rogers and Federal Defenders of San Diego, Inc. asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

     (1)     Compel Discovery/ Preserve Evidence; and
     (2)     Grant Leave to File Further Motions

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

_s/ Heather R. Rogers_

DATED: December 21, 2007

**HEATHER R. ROGERS**
Attorney for Mr. Morales-Ramirez

1 | HEATHER R. ROGERS
California State Bar No. 229519
2 | 427 C. Street, #300
San Diego, California 92101-5008
3 | Telephone: (619) 233-3169, x.16
Facsimile: (619) 684-2796
4
5 | Attorneys for Mr. Morales-Ramirez
6
7
8 | UNITED STATES DISTRICT COURT
9 | SOUTHERN DISTRICT OF CALIFORNIA
10 | (HONORABLE JOHN A. HOUSTON)
11 | UNITED STATES OF AMERICA,      )      Case No. January 7, 2008
                                    )      TIME:    8:30 a.m.
12 |            Plaintiff,          )
                                    )      STATEMENT OF FACTS AND
13 | v.                             )      MEMORANDUM OF POINTS
                                    )      AND AUTHORITY
14 | JOSE ANTONIO MORALES-RAMIREZ,  )
                                    )
15 |            Defendant.          )
                                    )
16 | _____)

17 |                          I.

18 |                     **BACKGROUND**

19 |        On November 27, 2007, Mr. Morales-Ramirez was charged via indictment with violating

20 | 8 U.S.C. § 1326 (deported alien found in the United States) and 18 U.S.C. § 911 (false claim to United States

21 | citizenship). Mr. Morales-Ramirez pled not guilty to all charges. Mr. Morales-Ramirez has received 83 pages

22 | of discovery in this case. However, he has not yet viewed his immigration A-file or been provided with copies

23 | of his deportation tapes.

24 |        These motions follow.

25 | //

26 | //

27 | //

28 | //

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Morales-Ramirez moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements. The government must disclose to Mr. Morales-Ramirez *all* copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant that the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. Mr. Morales-Ramirez also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

(3) Brady Material. Mr. Morales-Ramirez requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or that affects the credibility of the

1  government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition of evidence

2  favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97

3  (1976).

4          (4)  <u>Any Information That May Result in a Lower Sentence Under the Guidelines</u>.  As

5  discussed above, this information is discoverable under <u>Brady</u>, 373 U.S. 83.  This request includes any

6  cooperation or attempted cooperation by the defendant, as well as any information that could affect any base

7  offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this

8  request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal

9  history, or any other application of the Guidelines.

10          (5)  <u>The Defendant's Prior Record</u>.  Evidence of prior record is available under Fed. R. Crim.

11  P. 16(D).  Counsel specifically requests a complete copy of any criminal record.

12          (6)  <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed.

13  R. Crim. P. 16(a)(1)©) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon

14  request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general

15  nature. . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.

16  Mr. Morales-Ramirez requests that such notice be given three weeks before trial in order to give the defense

17  time to adequately investigate and prepare for trial.

18          (7)  <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a

19  warrant, is discoverable under Fed. R. Crim. P. 16(E).

20          (8)  <u>Request for Preservation of Evidence</u>.  Mr. Morales-Ramirez specifically requests that all

21  dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the

22  possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest

23  in this case be preserved.  This request includes, but is not limited to, the results of any fingerprint analysis,

24  the defendant's personal effects, the vehicle, and any other evidence seized from the defendant, or any third

25  party.  It is requested that the government be ordered to *question* all the agencies and individuals involved in

26   the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to

27  inform those parties to preserve any such evidence.

28

1    (9) <u>Tangible Objects</u>.  Mr. Morales-Ramirez requests, under Fed. R. Crim. P. 16(E) the

2    opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects,

3    including photographs, books, papers, documents, photographs of buildings or places or copies of portions

4    thereof which are material to the defense or intended for use in the government's case-in-chief or were

5    obtained from or belong to the defendant.  **Specifically Mr. Morales-Ramirez requests an opportunity to**

6    **view and copy the A-file and copies of the audio tapes of Mr. Morales-Ramirez' alleged deportation(s).**

7    (10) <u>Evidence of Bias or Motive to Lie</u>.  Mr. Morales-Ramirez requests any evidence that any

8    prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or

9    distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851  F.2d

10    1197 (9th Cir. 1988).

11    (11) <u>Impeachment evidence</u>.  Mr. Morales-Ramirez requests any evidence that any prospective

12    government witness has engaged in any criminal act whether or not resulting in a conviction and whether any

13    witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence

14    is discoverable under <u>Brady</u>, 373 U.S. 83.  <u>See</u> <u>Strifler</u>, 851 F.2d 1197 (witness' prior record); <u>Thomas v.</u>

15    <u>United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

16    (12) <u>Evidence of Criminal Investigation of Any Government Witness</u>.  Mr. Morales-Ramirez

17    requests any evidence that any prospective witness is under investigation by federal, state or local authorities

18    for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

19    (13)  <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>.  Mr. Morales-

20    Ramirez requests any evidence, including any medical or psychiatric report or evaluation, tending to show that

21    any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any

22    evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

23    <u>Strifler</u>, 851 F.2d 1197; <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

24    (14) <u>Witness Addresses</u>.  Mr. Morales-Ramirez requests the name and last known address of

25    each prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United</u>

26    <u>States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is

27    ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to

28    witnesses).  Mr. Morales-Ramirez also requests the name and last known address of every witness to the crime

1  or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a

2  government witness.  United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

3        (15) Name of Witnesses Favorable to the Defendant. Mr. Morales-Ramirez requests the name

4  of any witness who made any arguably favorable statement concerning the defendant or who could not identify

5  him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d

6  288 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones v. Jago, 575 F.2d 1164,1168 (6th Cir.), cert. denied, 439

7  U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

8        (16) Statements Relevant to the Defense.  Mr. Morales-Ramirez requests disclosure of any

9  statement that may be "relevant to any possible defense or contention" that he might assert.  United States v.

10  Bailleaux, 685 F.2d 1105 (9th Cir. 1982).

11        (17) Jencks Act Material.  The defense requests all material to which Mr. Morales-Ramirez

12  is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch

13  tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview

14  is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  Campbell v. United States,

15  373 U.S. 487, 490-92 (1963).

16        (18) Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the

17  defendant requests all statements and/or promises, expressed or implied, made to any government witnesses,

18  in exchange for their testimony in this case, and all other information that could arguably be used for the

19  impeachment of any government witnesses.

20        (19) Reports of Scientific Tests or Examinations.  Pursuant to Fed. R. Crim. P. 16(F), the

21  defendant requests the reports of all tests and examinations conducted upon the evidence in this case,

22  including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within

23  the possession, custody, or control of the government, the existence of which is known, or by the exercise of

24  due diligence may become known, to the attorney for the government, and that are material to the preparation

25  of the defense or are intended for use by the government as evidence in chief at the trial.

26        (20)  Henthorn Material.  Mr. Morales-Ramirez requests that the prosecutor review the

27  personnel files of the officers involved in his arrest, and those who will testify, and produce to him any

28  exculpatory information at least two weeks prior to trial and one week prior to the motion hearing.  See

1   United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). In addition, he requests that if the government is

2   uncertain whether certain information is to be turned over pursuant to this request, that it produce such

3   information to the Court in advance of the trial and the motion hearing for an *in camera* inspection.

4           (21) Informants and Cooperating Witnesses. Mr. Morales-Ramirez requests disclosure of the

5   names and addresses of any informants or cooperating witnesses used or to be used in this case. The

6   government must disclose the informant's identity and location, as well as disclose the existence of any other

7   percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 53, 61-62

8   (1957). Mr. Morales-Ramirez also requests disclosure of any information indicating bias on the part of any

9   informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would

10   include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation

11   with the authorities.

12           (22) Expert Witnesses. Pursuant to Fed. R. Crim. P. 16(a)(1)(G), Mr. Morales-Ramirez

13   requests a written summary of the expert testimony that the government intends to use at trial, including a

14   description of the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses'

15   qualifications.

16           (23) Residual Request. Mr. Morales-Ramirez intends by this discovery motion to invoke his

17   rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the

18   Constitution and laws of the United States. This request specifically includes all subsections of Rule 16.

19   Mr. Morales-Ramirez requests that the government provide him and his attorney with the above requested

20   material sufficiently in advance of trial.

21                             **III.**

22       **REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

23           Due to outstanding discovery issues, Mr. Morales-Ramirez requests leave to file further

24   motions. To date, Mr. Morales-Ramirez has received 81 pages of discovery in this case. However he has not

25   yet been provided with the information necessary for evaluating potential deportation issues, namely his A-file

26   and deportation tapes. Review of this discovery is necessary to determine whether this case may be resolved

27   without motions and trial and, if not, what motions are appropriate.

28   //

**IV.**

**<u>CONCLUSION</u>**

For the foregoing reasons Mr. Morales-Ramirez respectfully requests that the Court grant the above motions.

Respectfully submitted,

*s/ Heather R. Rogers*

DATED: December 21, 2007                    **HEATHER R. ROGERS**
Attorney for Jose Morales-Ramirez